UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**STEVEN C. FUSTOLO**,                                   Chapter 7
    Debtor                                          Case No. 13-12692-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~
**THE PATRIOT GROUP, LLC**,
    Plaintiff
v.                                                      Adv. P. No. 15-1015

**STEVEN C. FUSTOLO** and
**JOHN DOES 1-10**,
    Defendants

~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

Upon consideration of 1) the Verified Complaint filed by The Patriot Group, LLC (the "Plaintiff") against Steven C. Fustolo (the "Defendant" or the "Debtor") and other unnamed Defendants, in which the Plaintiff alleges that the Defendant has engaged and continues to engage in a repeated course of vexatious, harassing, malicious, and intimidating conduct, namely the posting of false statements about the Plaintiff and its principal, John Howe ("Howe"), on various internet sites, with the intent to influence the Plaintiff's conduct in and the outcome of this bankruptcy case and adversary proceedings pending in the case, namely the withdrawal of pending litigation in this Court; 2) the Motion for Injunctive Relief filed by the Plaintiff through which it seeks to restrain the

1

continuing harassment of the Plaintiff; 3) the Opposition filed by Defendant;[1] 4) the Supplemental Brief in Support of Injunctive Relief filed by the Plaintiff, through which the Plaintiff seeks the issuance of a preliminary injunction pursuant to 11 U.S.C. § 105(a) and Mass. Gen. Laws ch. 258E, § 3(a)(i), on the grounds of harassment within the meaning of Mass. Gen. Laws ch. 258E, § 1(i) (defining harassment as: "three or more acts of willful and malicious conduct aimed at specific person with intent to cause fear, intimidation … and that does in fact cause fear, intimidation …"); 5) the Supplemental Brief in Opposition to Plaintiff's Motion for Injunctive Relief; 6) the numerous exhibits attached to the Complaint, as well as other motions, oppositions and briefs filed with the Court in this and other adversary proceedings pending in Debtor's Chapter 7 case; 7) the entire record of proceedings in the main bankruptcy case; and 8) the arguments of counsel made at the hearing on January 22, 2015, the Court, based upon the pleadings on file and unrebutted evidence submitted by the Plaintiff, makes the following findings of fact and rulings of law:

Factual Background

The Plaintiff, together with two other creditors, filed an involuntary petition against the Debtor on May 6, 2013. The Debtor contested the involuntary petition and the parties filed numerous pleadings. On December 16, 2013, this Court issued a decision and entered the order for relief. See In re Fustolo, 503 B.R. 206 (Bankr. D. Mass. 2013). The Debtor

---

[1] The Defendant did not file an Affidavit disputing the factual allegations set forth in the Verified Complaint. The Defendant opposes the issuance of a preliminary injunction on the basis of legal arguments, namely that the Court lacks jurisdiction over the Complaint and that the Complaint fails to state a claim upon which relief can be granted because defamatory statements cannot or should not be enjoined.

appealed the Court's decision and the appeal is pending in the United States District Court for the District of Massachusetts.

The Plaintiff has filed an eight-count adversary complaint (Adversary Proceeding No. 14-01193) against the Debtor seeking denial of the Debtor's discharge and, alternatively, an exception to discharge of its particular debt which it asserts is in the approximate sum of $20 million.[2] In the instant adversary proceeding, the Plaintiff alleges that the Defendant is engaging in numerous and various cyber and video attacks, including posting false material on consumer complaint boards and creating a fraudulent website and blog containing postings with false statements. The Plaintiff further alleges that the websites and blog postings can be traced to the non-debtor Defendants and the Debtor in this bankruptcy case. The Plaintiff alleges that the false statements on the websites and blogs are intended to cause the Plaintiff to abandon its cross-appeal with respect to the entry for the order for relief, as well as its adversary proceeding under 11 U.S.C. §§ 523, 727. The Plaintiff alleges that the Defendant is harassing the Plaintiff in its capacity as a creditor and as a plaintiff in discharge litigation. In its view, by making public false statements on the internet, the Defendant is attempting to bully the Plaintiff into relinquishing its positions and thus, is attempting to affect the outcome of proceedings pending before this Court. In the Verified Complaint, the Plaintiff alleges that the

---

[2] The Chapter 7 Trustee has also filed a complaint (Adversary Proceeding No. 14-01222) against the Debtor and his spouse to avoid and recover fraudulent transfers. The Trustee has employed special counsel for the latter adversary proceeding who also is the Plaintiff's counsel in the main bankruptcy case.

3

Defendant has engaged in cyber-bullying, including postings on websites, blogs, and consumer complaint boards to the effect that the Plaintiff, its principal, and affiliated businesses were being investigated for tax fraud, securities fraud, securities law violations, and had converted or stolen funds of investors and clients. In addition, the Verified Complaint alleges that the Defendant has targeted Howe's wife, daughter, business associates, and attorneys by posting personally identifiable information about his family members and employees and making intimidating threats against them. According to the Plaintiff, the Defendant caused to be created a fake blog and email address in order to engage in the cyber-bullying campaign against the Plaintiff, all for the purpose of intimidating the Plaintiff from pursuing the Debtor/Defendant in this case. The Plaintiff avers that the postings are false and fictitious, that there is no credible evidence of any tax or securities investigations of the Plaintiff or its principal, or that any whistleblower claims have been filed with the IRS or SEC. The Plaintiff also alleges in the Verified Complaint that at a hearing before this Court on December 3, 2014, the Debtor's bankruptcy counsel denied any involvement by the Debtor in false internet postings.

<u>Jurisdiction</u>

This Court has jurisdiction over this adversary proceeding as it arises in a case and proceeding under Title 11 of the United States Code. *See* 28 U.S.C. § 1334(b). Based upon a review of the Verified Complaint and the pending matters in this bankruptcy case, this is a core proceeding arising in a case under Title 11 because the relief requested seeks to restrain litigation misconduct in proceedings before this Court. Core proceedings include,

4

but are not limited to, the following: a) matters concerning administration of the estate. *See* 28 U.S.C. § 157(b)(2)(A); *see also* Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999) (setting forth two-part test to determine if a matter is a core proceeding, i.e., 1) whether the matter is one of those enumerated in 28 U.S.C. § 157(b)(2); and 2) whether the matter invokes a substantive right provided by the Bankruptcy Code or, if it is a proceeding, that could only arise in the context of a bankruptcy case); IPC Internat'l Corp. v. Milwaukee Golf Shopping Center LLC (In re IPC Internat'l Corp.), No. 13-12050, Adv. P. No. 14-50333, 2014 WL 5544692 at *2 (Bankr. D. Del. Nov. 3, 2014) (same); Germain v. Connecticut Nat'l Bank (In re O'Sullivan's Fuel Oil Co., Inc.), 88 B.R. 17, 20-21 (D. Conn. 1988)(section 157(b) list is non-exhaustive and matters considered core are examined by totality of circumstances).[3]

This Court has jurisdiction to issue an injunction pursuant to 11 U.S.C. § 105(a), which provides for the issuance of any order to carry out the provisions of Title 11. Because the Plaintiff in its Verified Complaint alleges egregious conduct that is interfering with matters involving the administration of the estate, namely the main bankruptcy case and two adversary proceedings, the Verified Complaint involves a core proceeding. *See* Manville Corp. v. Equity Security Holders Comm. (In re Johns-Manville Corp.), 801 F.2d

---

[3] The provisions of 28 U.S.C. § 157(b)(5) which provide that personal injury tort claims must be tried in the district court and not the bankruptcy court do not apply at this stage of the proceeding. This is not a personal injury claim as Patriot made clear in its post-hearing brief that it is not seeking damages for or to enjoin defamation, but rather is seeking to restrain harassment that violates Massachusetts law. To the extent the Plaintiff does not make clear in its original complaint that it is seeking to restrain harassment in violation of Massachusetts law, the Court directs that the Plaintiff amend its Complaint.

5

60 (2d Cir. 1986) (action to enjoin an equity committee from pursuing state court action to compel the debtor to hold a shareholders' meeting involved administration of estate); In re Robinson, 381 B.R. 256, 258 (Bankr. E.D. Ark. 2008)(noting prior order of court which "specifically enjoined and restrained the debtor from taking *any* action to interfere with the administration of the estate by acting to 'coerce, intimidate, harass, hinder, or threaten the Trustee, any creditors, attorneys, or parties in interest in these jointly administered bankruptcies under their completion or closure.'")(emphasis in original); In re Kelton Motors Inc., 121 B.R. 166, 183 (Bankr. D. Vt. 1990)(determining that allegations of Trustee concerning interference with bankruptcy process was a "matters concerning the administration of the estate");[4] Simon v. Amir (In re Amir), No. 0813700, 2013 WL 5302549, at *1 (Bankr. N.D. Ohio Sept. 18, 2013) (asserting bankruptcy court has jurisdiction and

---

[4] The Court stated:

> Thus, Trustee's Bad Faith action is core because it arises as a direct result of the involuntary bankruptcy filing against a debtor and is alleged to have been integral to Defendants' plan to put Kelton out of business. Assuming arguendo, Trustee's allegations are true for the purposes of the Rule 12(b)(1) motion, we will not tolerate the use of the Bankruptcy Code as a means to accomplish such ends. *The very integrity of the judicial process is at stake and warrants strict scrutiny of Defendants' pre and post-petition conduct as "matters concerning the administration of the estate," 28 U.S.C. § 157(b)(2)(A)*. We are hard pressed to conceive of a matter that could be more core. Moreover, the end result of our inquiry may very well require "the adjustment of the debtor-creditor . . . relationship. . . ." 28 U.S.C. § 157(b)(2)(O).

121 B.R. at 183 (emphasis supplied).

6

authority as a core matter to enjoin debtor from vexatious litigation that is improperly interfering with administration of bankruptcy case).

The Plaintiff's allegations, if proven, affect administration of the main bankruptcy case, one or more adversary proceedings pending before this Court, and the appeal of the entry of order for relief on the involuntary petition. As such, and in view of the authorities referenced above, the Court has jurisdiction to hear and determine this proceeding because it concerns matters involving administration of the estate. Alternatively, even if this matter is not a core proceeding, it is a so called "non-core" proceeding, it is related to this case within the meaning of 28 U.S.C. § 157(c). A related to proceeding does not arise under or arise in the bankruptcy case, but is sufficiently related to the bankruptcy case to be within the scope of bankruptcy jurisdiction. The majority of circuits, including the United States Court of Appeals for the First Circuit, have adopted the so-called Pacor test in determining whether an adversarial proceeding is related to a bankruptcy case. *See* Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds* by Things Remembered v. Petrarca, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). According to the United States Court of Appeals for the Third Circuit, a proceeding is related to the bankruptcy case if it has any conceivable effect on the bankruptcy estate or a significant relation to the case. Id. at 994. The United States Court of Appeals for the First Circuit has utilized the test in In re Boston Reg'l Med. Ctr., 410 F.3d 100, 105 (1st Cir.2005) and In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991). See In re Santa Clara Cnty. Child Care Consortium, 223 B.R. 40, 45 n. 8 (B.A.P. 1st Cir. 1998) (collecting cases); *see also* Celotex

Corp. v. Edwards, 514 U.S. 300, 308 n.6, 115 S. Ct. 1493, 131 L. Ed.2d 403 ("The First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits have adopted the Pacor test with little or no variation.").

Because the Plaintiff makes allegations that the Debtor is engaged in litigation misconduct and is attempting to influence creditors in the case and the outcome of adversary proceedings, the Defendant's conduct, if successful in thwarting pursuit of adversary proceedings by the creditors, would have an effect on both the Debtor and his estate as the Debtor would receive a discharge if the Plaintiff withdrew the adversary proceedings. The Plaintiff was the only creditor to timely file a complaint containing an objection to discharge.

The Preliminary Injunction

The Court finds that the Plaintiff is entitled to a preliminary injunction as requested.[5] The Plaintiff has met its burden of demonstrating entitlement to injunctive relief based on the four factors set forth in Bl(a)ck Tea Soc'y v. City of Boston, 378 F.3d 8, 11 (1st Cir. 2004) (" . . . (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction

---

[5] Although, the general rule set forth in Auburn Police Union v. Carpenter, 8 F.3d 886, 903 (1st Cir. 1993), is that a court cannot enjoin defamation absent findings of fact and after a final adjudication on the merits that the speech is unprotected, the Court finds upon review of the Complaint, the Plaintiff is not seeking to enjoin defamation or free speech, but rather, the Plaintiff is seeking to restrain harassment under Mass. Gen. Laws ch. 258E, § 3(a)(i).

8

issues; and (4) the effect (if any) of the court's ruling on the public interest.")(citing Charlesbank Equity Fund II v. Blinds to Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004)(quoting Ross–Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996)).

First, the Plaintiff has shown a likelihood of success on merits of a claim for harassment under Mass. Gen. Laws ch. 258E, § 3(a)(i). The allegations of the Verified Complaint, if proven, and evidence supporting those allegations set forth therein, present a viable claim for harassment under Mass. Gen. Laws ch. 258E, § 3(a)(i) and for injunctive relief.  Notably, the timing of certain of Debtor's actions alleged in the Verified Complaint appear to be coordinated with crucial dates arising in the Debtor's bankruptcy case, namely the deadline to file complaints seeking denial of or exceptions to the Debtor's discharge. This Court must enjoin litigation misconduct to implement the provisions and policies of the Bankruptcy Code and to protect the integrity of the system under 11 U.S.C. § 105(a).

With regard to the second and third prongs, harm to the Plaintiff and the balancing of harms to both parties, the Defendant has not submitted any evidence in the form of an affidavit to rebut the allegations set forth in Plaintiff's Verified Complaint. The allegations and evidence are unrebutted at this stage of the adversary proceeding.  The Plaintiff has demonstrated that the egregious public statements made by the Defendant in the website and blogs are false and have caused the Plaintiff, its principal and his family distress and harm. The statements are outrageous and inflammatory.  The balance of harms favor the requested injunctive relief as the Plaintiff continues to sustain harm by the virtue of the postings and attacks in violation of Mass. Gen. Laws ch. 258E, § 3(a)(i) .  The harm to the

Plaintiff greatly outweighs the Defendant's hardship of having to withdraw and remove the statements from the websites, as the Plaintiff's reputation and business may be harmed by the postings. The Plaintiff has alleged that its principal has suffered emotional distress from the false statements posted about him.

Finally, the injunction does not violate the public interest. Indeed, an injunction against continuous false statements intended to bully a person into relinquishing legal remedies in a bankruptcy case, including the right to commence discharge litigation against a debtor, is harassment under Mass. Gen. Laws ch. 258E, § 3(a)(i). An injunction against harassment is in furtherance of the statute's policy of preventing civil harassment and is in furtherance of the integrity of the bankruptcy process.

Conclusion

Based upon the elements of proof set forth in Mass. Gen. Laws ch. 258E, § 3(a)(i), to carry out the provisions of Title 11, and for the stated above reasons, the Court determines the Plaintiff is entitled to a preliminary injunction. The Defendant is ordered to refrain from harassing the Plaintiff, including posting false and malicious statements on the Internet. The Court shall enter a separate order.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: January 30, 2015