Order Text:

UPON CONSIDERATION OF: 1) THE PLAINTIFF'S MOTION FOR CONTEMPT: 2) THE DEFENDANT'S OPPOSITION; 3) THE PLAINTIFF'S REPLY; 4) THE EXHIBITS INTRODUCED AND TESTIMONY OF THE WITNESSES AT THE EVIDENTIARY HEARING HELD ON FEBRUARY 20, 2015; 5) THE COURT'S ORDER DATED JANUARY 30, 2015 WHICH ORDERED THE DEFENDANT TO IMMEDIATELY CEASE AND DESIST FROM PUBLISHING CERTAIN DISPARAGING INTERNET POSTINGS ABOUT THE PLAINTIFF AND OTHERS ("PROTECTED PARTIES"), AND TO " ... FORTHWITH TAKE ALL ACTIONS REASONABLY NECESSARY TO REMOVE OR TO CAUSE . . . TO REMOVE" ALL DISPARAGING STATEMENTS ABOUT THE PROTECTED PARTIES FROM THE INTERNET OR OTHER PLATFORMS, THE COURT FINDS THAT THE DEFENDANT HAS FAILED TO COMPLY WITH THE ORDER IN SEVERAL RESPECTS AND IS IN CONTEMPT. FIRST, THE DEFENDANT DID NOT COMPLY WITH THE TEMPORAL ASPECT OF THE ORDER WHICH REQUIRED IMMEDIATE EFFORTS TO REMOVE THE OFFENDING STATEMENTS FROM THE INTERNET. HE DELAYED FOR 7 DAYS IN COMMENCING EFFORTS TO COMPLY WITH THE ORDER WITHOUT JUSTIFICATION OR EXCUSE. THE DEFENDANT'S INITIAL ATTEMPTS WERE INADEQUATE. INDEED, EX.1 VIOLATES THE CEASE AND DESIST ASPECTS OF THE ORDER AND IS NOT AN ADEQUATE ATTEMPT TO COMPLY WITH THE ORDER. ALTHOUGH THE DEFENDANT DID ATTEMPT TO COMPLY WITH THE TERMS OF THE ORDER BY REQUESTING ASSISTANCE FROM HIS ATTORNEYS, THEIR ATTEMPTS TO COMPLY DID NOT BEGIN UNTIL FEBRUARY 11, TWELVE DAYS AFTER THE ORDER, WHICH WAS NOT TIMELY AND IMMEDIATE COMPLIANCE AS DIRECTED. THE COURT OBSERVES THAT ALTHOUGH THE EMAILS SENT TO VARIOUS WEBSITES BY THE FIRM'S PARALEGAL REPRESENTED A REASONABLE EFFORT TO COMPLY WITH THE ORDER, THE DEFENDANT, WHO TESTIFIED THAT REMOVAL OF THE POSTINGS WAS A DIFFICULT TASK, SHOULD HAVE TAKEN ADDITIONAL STEPS TO COMPLY, SUCH AS ENGAGEMENT OF A CONSULTANT TO ASSIST IN REMOVING THE OFFENDING STATEMENTS FROM THE INTERNET. THE COURT FINDS THAT THE DEFENDANT DID NOT FORTHWITH TAKE ALL ACTIONS REASONABLY NECESSARY TO REMOVE THE OFFENDING STATEMENTS FROM THE INTERNET OR OTHER MEDIA. ACCORDINGLY, THE COURT GRANTS THE MOTION AND ORDERS THE DEFENDANT TO RETAIN THE SERVICES OF AN INTERNET SPECIALIST, BY THE CLOSE OF BUSINESS ON FEBRUARY 23, 2015, TO ASSIST HIM IN COMPLYING WITH THE TERMS OF THE ORDER. THE DEFENDANT SHALL FILE BI-WEEKLY STATUS REPORTS COMMENCING ON MARCH 2, 2015 DETAILING HIS EFFORTS TO COMPLY WITH THE ORDER. THE DEFENDANT SHALL PAY THE PLAINTIFFS' REASONABLE ATTORNEYS' FEES FOR THIS MOTION. PLAINTIFF'S COUNSEL

☑ CAPS    **Close**

| | | |
|---|---|---|
| SHALL FILE AN APPLICATION FOR COMPENSATION UNDER FED. R. BANKR. P. 2016 AND MLBR 2016-1. | | |

# UNITED STATES BANKRUPTCY COURT, DISTRICT OF MASSACHUSETTS
## Proceeding Memorandum/Order of Court

In Re: The Patriot Group, LLC v. Fustolo et al    Case Number: 15-01015    Ch:

**MOVANT/APPLICANT/PARTIES:**

EVIDENTIARY HEARING:
#37 Motion of Plaintiff The Patriot Group, LLC For Contempt Re: [31] Memorandum Dated 1/30/2015; [32] Order dated 1/30/2015 for Preliminary Injunction (Gary Greenberg)
#38 Affidavit of Kim Hopkins in Support of #37 (Gary Greenberg)
#50 Opposition of Defendant Steven C. Fustolo to #37 (Matthew Horvitz)

**OUTCOME:**

37 ____ Granted ____ Denied ____ Approved ____ Sustained

____ Denied ____ Denied without prejudice ____ Withdrawn in open court ____ Overruled

____ OSC enforced/released

____ Continued to:_____ For:_____

____ Formal order/stipulation to be submitted by:_____ Date due:_____

____ Findings and conclusions dictated at close of hearing incorporated by reference

____ Taken under advisement: Brief(s) due_____ From_____

Response(s) due_____ From_____

____ Fees allowed in the amount of: $_____ Expenses of: $_____

____ No appearance/response by:_____

37 ____ DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS: