UNITED STATES BANKRUPCTY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| STEVEN C. FUSTOLO,<br><br>　　　　　Debtor. | Chapter 7<br>Case No. 13-12692-JNF |
| THE PATRIOT GROUP, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN C. FUSTOLO, and<br>JOHN DOES 1-10,<br><br>　　　　　Defendants. | Adversary Proceeding<br>No. 15-01015-JNF |

### DEFENDANT STEVEN C. FUSTOLO'S MOTION TO QUASH
### AND REQUEST FOR A PROTECTIVE ORDER

### REQUEST FOR EMERGENCY DETERMINATION[1]

Debtor-Defendant Steven C. Fustolo ("Fustolo") respectfully moves for an order quashing certain subpoenas directed to Jeffrey Zeizel, Elisa Fustolo, Costanzo Fustolo, and Richard Fanning (together, the "Subpoenas"), pursuant to Federal Rules of Civil Procedure 26 and 45, incorporated by Bankruptcy Rules 7026 and 9016.  This motion should be granted because Plaintiff The Patriot Group, LLC ("Patriot") issued the Subpoenas in violation of Federal Rule of Civil Procedure Rule 26.[2]  The Subpoenas are invalid as a matter of law.

---

[1] In the alternative, Fustolo seeks a stay of discovery, including all depositions under the Subpoenas, until such time that the Court rules on this motion.

[2] After issuing the Subpoenas, Patriot served document requests on Fustolo under Federal Rule of Civil Procedure 34.  These requests are in violation of Rule 26 for the same reason.

1. These non-party deposition subpoenas do not address the Court's January 30, 2015 preliminary injunction order ("Injunction Order") or February 20, 2015 order, or Fustolo's compliance with the same. Instead, they concern the underlying merits of this adversary proceeding. As a result, there is no good cause for to proceed with non-party depositions before the parties have conducted their scheduling conference, before Fustolo has responded to the operative complaint, and before jurisdictional questions are resolved. Patriot cannot suffer any harm or prejudice if the Court grants this motion. The Injunction Order remains in place and Fustolo will continue to comply with its terms.

2. Fustolo seeks an emergency determination on this motion because Patriot has stated it intends to proceed with a deposition on Friday, February 27, 2015 pursuant to one of the Subpoenas. Fustolo submits that this deposition should not proceed until the Court rules on this motion. In the alternative, Fustolo requests that the Court stay discovery until such time that it rules on this motion.

## BACKGROUND

3. Fustolo's deadline to respond to the plaintiff's Amended Verified Complaint in this adversary proceeding is March 3, 2015. The response to this pleading will be a motion to dismiss under, *inter alia*, Federal Rule of Civil Procedure 12(b)(1). Certain of the substantive grounds for this forthcoming motion are discussed in Fustolo's Motion for Leave to Appeal (ECF No. 52).

4. In connection with his Rule 12 motion, Fustolo also intends to move for a stay of discovery pending adjudication of the jurisdictional issues. (See Ex. A, Letter from M. Horvitz to J. Farraher, Feb. 24, 2015.) It is in the interests of judicial efficiency for discovery to be stayed until the jurisdictional issues are resolved, during which time the Injunction Order

2

remains in place.  Patriot will not be prejudiced by a stay of discovery because, in the interim, Fustolo will continue to abide by the Injunction Order and the Court's February 20, 2015 order.

5.  Patriot has noticed four non-party depositions and issued the Subpoenas.  True and correct copies of the Subpoenas and associated deposition notices are attached as Exhibit B.  To date, none of these depositions have commenced.  However, Mr. Zeizel's deposition is now scheduled for Friday, February 27, 2015.  (Ex. C, Am. Notice of Dep. dated Feb. 25, 2015.)

6.  In his Opposition to Motion for Civil Contempt, Fustolo explained that the Subpoenas were premature under Fed. R. Civ. P. 26(d)(1) because the parties had not conducted a conference under Federal Rule 12(f).  (ECF No. 50, at 4.)

7.  Based on the invalidity of the Subpoenas and the forthcoming motions to dismiss and to stay discovery, Fustolo requested that Patriot to continue the deposition of Mr. Zeizel until after the Court rules on whether discovery should be stayed.  (*See* Ex. A.)  Patriot refused, thereby necessitating this motion.

8.  As explained below, Patriot's intent to depose Mr. Zeizel on Friday would be pursuant to an invalid subpoena.  Accordingly, Fustolo moves for an order quashing the Subpoenas.

## ARGUMENT

9.  Rule 26(d) requires that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  FED. R. CIV. P. 26(d) (emphasis added).  Courts have routinely held that this prohibition applies to non-party subpoenas.  *See, e.g.*, *Platinum Mfg. Int'l, Inc. v. Uninet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (explaining "[d]iscovery is normally barred prior to the Rule 26(f)

3

conference."); *Crutcher v. Fidelity Nat'l Ins. Co.*, C.A. No. 06-5273, 2007 WL 430655, at *2 (E.D. La. Feb. 5, 2007) (collecting cases).

10.     In *Crutcher*, the court held that a non-party subpoena issued prior to the parties' Rule 26(f) conference was invalid, even though the subpoenaed party failed to object in a timely manner. 2007 WL 430655 at *2. Here, the Subpoenas are invalid because the parties have not conducted their Rule 26(f) conference.[3] Accordingly, this Court should reach the same result as the court in *Crutcher* and grant Fustolo's motion.

## CONCLUSION

By reason of the above, the Court should grant Fustolo's motion and issue an order quashing the Subpoenas.

STEVEN C. FUSTOLO
By his attorney,

/s/ Matthew P. Horvitz
Matthew P. Horvitz (BBO#: 664136)
GOULSTON & STORRS PC
400 Atlantic Ave.,
Boston, MA 02110
tel. (617) 482-1776
fax (617) 574-4112
mhorvitz@goulstonstorrs.com

Dated: February 25, 2015

---

[3] Although the Subpoenas are directed to third parties, Fustolo has standing to move to quash them based on his personal interest in the deposition testimony and based on his request for enforcement of the Court's rules. *See Patrick Collins, Inc. v. Does 1-38*, 941 F. Supp. 2d 153, 160 (D. Mass. 2013) ("[P]arties need only have 'some personal right or privilege in the information sought' to have standing to challenge a subpoena to a third party."); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 428–29 (M.D. Fla. 2005) (holding that a party had standing to move to quash a third party subpoena).

4

## **LOCAL RULE 9013-1 CERTIFICATION**

      I hereby certify that before filing the foregoing motion, notice of this Motion to Quash and Request for a Protective Order was provided to opposing counsel via electronic mail.  I also certify that I requested for opposing counsel to continue or reschedule the deposition of Mr. Zeizel pending the Court's determination of this motion and the defendant's forthcoming motion to stay discovery.  The plaintiff declined, thereby necessitating this request on an emergency basis.

                                                             /s/ Matthew P. Horvitz

## **CERTIFICATE OF SERVICE**

      I, Matthew P. Horvitz, hereby certify that on February 25, 2015, I caused to be served a copy of ***Defendant Steven C. Fustolo's Motion to Quash and Request for a Protective Order*** via the Court's CM/ECF system on all parties who are registered to receive electronic notices of filing in this proceeding and upon the following individuals by electronic mail:

Gary R. Greenberg
John F. Farraher, Jr.
Zachary C. Kleinsasser
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
greenbergg@gtlaw.com
farraherj@gtlaw.com
kleinsasserz@gtlaw.com


Michael J. Fencer
Jonathan Horne
Bruce Smith
Jager Smith, PC
One Financial Center
Boston, MA 02111
mfencer@jagersmith.com
jhorne@jagersmith.com
bsmith@jagersmith.com

Harold B. Murphy
Murphy & King, P.C.
One Beacon Street
Boston, MA 02108
mxc@hanify.com

Paula R. C. Bachtell
U.S. Department of Justice
Office of the U.S. Trustee
5 Post Office Square
10th Floor, Suite 1000
Boston, MA 02109
paula.bachtell@usdoj.gov

                                                    /s/ Matthew P. Horvitz