UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re STEVEN C. FUSTOLO, <br><br> Debtor <br><br> THE PATRIOT GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN C. FUSTOLO and <br> JOHN DOES 1-10, <br><br> Defendants. | Chapter 7 <br> Case No. 13-12692-JNF <br><br><br><br> Adv. P. No. 15-1015 |

**DEFENDANT STEVEN C. FUSTOLO'S THIRD STATUS REPORT
AND REQUEST FOR URL-SPECIFIC ORDER**

In compliance with the Court's order of February 20, 2015 (the "February 20 order"), Defendant Steven C. Fustolo ("Fustolo") submits this third status report concerning the Court's order of January 30, 2015 on the plaintiff's motion for a preliminary injunction (the "Injunction Order"). The overall status of the effort to remove content concerning the Protect Parties (as defined in the Injunction Order) is reflected in the attached **Exhibit A**, which was created and maintained by the internet specialist Fustolo retained on February 23, 2015.

In addition, Fustolo hereby requests an order specifying the removal of certain Uniform Resource Locators ("URLs"). Two of the web domains that Fustolo previously contacted have requested the identification of specific URLs in a court order as a prerequisite to their compliance with the Injunction Order. Accordingly, as explained below, Fustolo respectfully submits a proposed order including those specific URLs.

gsdocs\8172421.1

**I.    THIRD STATUS REPORT**

    A.    **Introduction**

This third status report ("Third Report") updates and supplements Fustolo's first status report filed on February 4, 2015 ("First Report") and second status report filed on February 19, 2015 ("Second Report"). The Third Report provides additional and supplemental information about Fustolo's compliance with the Injunction Order and the February 20 order, subject to and without waiving any appellate rights; without admitting or denying any allegation made by the plaintiff in this proceeding; and without prejudice to Fustolo's right to appeal the Injunction Order and February 20 order and to seek the dismissal of the plaintiff's amended complaint.

    B.    **Subsequent Compliance Efforts by Jennifer K. Lawrence**

Subsequent to the filing of her Corrected Declaration (and Exhibits 1 through 55 thereto), from February 20 through 27, 2015, Jennifer K. Lawrence ("Lawrence") from Goulston & Storrs PC continued to request the removal of content concerning the Protected Parties[1] and certain URLs from various web domains at issue in this proceeding.

Specifically, from February 20 through 27, 2015, Lawrence corresponded with various web domains concerning her prior requests pursuant to the Injunction Order that those web domains remove certain content located on their websites. During this time period, Lawrence replied to all of the responses she received to her initial communications to web domains between February 11 and 20, 2015. The following web domains requested the identification of specific URLs before they would comply with Lawrence's request that they remove content concerning the Protected Parties:

- beforeitsnews.com;
- complaintboard.in;

---

[1] As defined in the Injunction Order.

2

- complaintsboard.com; and
- pissedconsumer.com.

In response to requests from the foregoing domains, Lawrence sent each an email with the specific URL(s) that she was requesting they remove.

On February 24, 2015, Lawrence met with the undersigned counsel and Christopher Rucinski ("Rucinski") from Elysium Digital, LLC ("Elysium").  This meeting lasted for approximately an hour.  During that meeting, Lawrence updated Rucinski on all steps she had taken to comply with the Injunction Order and the steps she was intending to take with respect to the Injunction Order.  Lawrence, Rucinski, and the undersigned counsel also planned for the transition of Lawrence's files, information, and role to Elysium.

On February 25, 2015, Lawrence received a response from legal counsel for pissedconsumer.com.  This communication stated that pissedconsumer.com will require a court order specifically identifying the following URLs before they will be removed:

- http://old-hill-partners.pissedconsumer.com/john-c-howe-and-old-hill-partners-block-truthful-web-content-about-their-alleged-irs-and-sec-frauds-20141112556850.html
- http://old-hill-partners.pissedconsumer.com/members-of-john-c-howe-s-patriot-group-and-old-hill-partners-may-be-complicit-in-mr-howe-s-alleged-tax-and-securities-frauds-20141102553226.html
- http://old-hill-partners.pissedconsumer.com/sarah-howe-and-daughter-jacqueline-howe-received-stolen-funds-from-tax-cheat-john-c-howe-20141212568878.html
- http://old-hill-partners.pissedconsumer.com/westport-sarah-y-howe-should-be-concerned-about-her-lifestyle-some-ask-whether-bankruptcy-is-imminent-20141216570569.html
- http://old-hill-partners.pissedconsumer.com/whistleblowers-International-attacked-by-alleged-tax-cheat-john-c-howe-and-old-hill-partners-20141125561908.html
- http://other-company.pissedconsumer.com/lawyer-ina-scher-davis-gilbert-hired-russian-computer-hackers-to-illegally-infiltrate-wbi-files-20141130563681.html
- http://sarah-y-howe.pissedconsumer.com/westport-s-sarah-y-howe-received-fraudulent-funds-from-husband-john-c-howe-20141204565340.html

On February 25, 2015, Lawrence also received an email from the web domain beforeitsnews.com. This email confirmed that beforeitsnews.com agreed to comply with the Injunction Order and removed a specific URL subject to the Injunction Order, namely:

- http://beforeitsnews.com/business/2014/08/john-howe-and-old-hill-partners-accused-of-harrassment-intimidation-and-retaliation-against-u-s-whistleblower-in-howes-tax-fraud-and-sec-fraud-case-2650010.html

On February 26, 2015, Lawrence received a further response from the web domain complaintboard.in, requesting that Lawrence directly contact the individual(s) who had posted the subject negative reviews and request that they remove their postings. When Lawrence attempted to access those URLs, she discovered that although the links were still active, there was no longer any content available on the URLs. This lack of content included the absence of any information concerning the individuals who originally posted the URLs.

From February 20 through 27, 2015, in addition to communicating with the web domains who responded to her initial emails, Lawrence focused on transiting her files, information, and remaining work to Elysium.[2] As part of that process, Lawrence sent Elysium all of her correspondence sent to and received from web domains and internet search engines concerning the Injunction Order. Lawrence also participated in several telephone conferences with Rucinski and Allison Landry ("Landry") from Elysium to explain the steps she had taken to comply with the Injunction Order and her outstanding tasks.

C. **Initial Compliance Efforts by Elysium Digital**

The table attached to this Third Report as **Exhibit A** was created by Elysium. This table reflects the current status of Elysium's assessment of efforts to comply with the Injunction Order

---

[2] The total transition of this project and all associated information and files from Lawrence to Elysium was necessitated by Lawrence's maternity leave, which begins on March 2, 2015.

4

as well as Elysium's subsequent efforts to request the removal of content concerning the Protected Parties.

On February 23, 2015, Fustolo retained Elysium to serve as his internet specialist, in compliance with the February 20 order. Elysium is a technical litigation consulting company located in Boston, MA. Elysium was founded in 1997 and, since then, has performed work on more than a thousand legal cases involving computer technology. Elysium has been retained on prior matters to perform technical work related to verifying the presence or absence of data on the internet and, in particular, assuring compliance with takedown requests for content on web pages.

The primary Elysium consultant assigned to this project is Christopher T. Rucinski ("Rucinski"), a computer scientist with experience designing and implementing numerous websites using a variety of programming languages. Among other projects at Elysium, Rucinski has worked on projects involving contacting individuals based on internet artifacts, analysis of website content and ownership, and testifying about the manner in which websites operate on the internet, both with respect to domain registration and with respect to various types of websites, such as blogs and forums. Rucinski is being assisted on this project by Landry, the Research Assistant Lead and Coordinator at Elysium, and supervised by Jason Eaddy ("Eaddy"), head of Elysium's Forensic and eDiscovery Division.

On February 24, 2015, Rucinski was provided with background information about this adversary proceeding; Fustolo's and Lawrence's compliance efforts with respect to the Injunction Order; and copies of the Injunction Order (and supporting Memorandum), the February 20 order, and the Corrected Declaration of Jennifer K. Lawrence dated February 20, 2015 ("Lawrence Declaration").

5

On February 24, 2015, Rucinski, Lawrence, and the undersigned counsel met in person at the offices of Goulston & Storrs PC. During this meeting, Rucinski was provided with further information about this adversary proceeding and the plaintiff's pleadings. The focus of this meeting was the efforts Lawrence had performed with respect to the Injunction Order, her outstanding tasks, and how her role would be transitioned to Elysium. During this meeting, it was decided that Elysium first would review and audit Lawrence's work and create an organized information management system to track progress on its efforts to comply with the Injunction Order.

On February 24 and 25, 2015, Lawrence and the undersigned counsel provided Rucinski with additional materials concerning the Injunction Order and compliance efforts. These materials included Lawrence's files and correspondence concerning the Injunction Order, all of the exhibits to the Lawrence Declaration, additional materials listing the specific URLs referenced the plaintiff's pleadings or referenced during the contempt trial on February 20, 2015. These materials included the 348 URLs listed in the plaintiff's Amended Verified Complaint and the spreadsheet containing approximately 100 URLs that Kimberly Hopkins prepared and testified about during the contempt trial on February 20, 2015 (the "Hopkins Spreadsheet").

After the in-person meeting on February 24, 2015, *supra*, Rucinski established an internal wiki where Elysium would review and audit the existing work Lawrence had performed and record future work concerning the Injunction Order. Also on February 24, 2015, Rucinski reviewed and commented on the template email Lawrence had used to contact web domains. Rucinski provided suggested edits and changes to this template to increase the potential rate of response for subsequent communications using this template.

On February 25, 2015, Rucinski and Landry met to discuss this project and plan subsequent work.  Landry was immediately tasked with creating a single canonical list of URLs from the source documents and entering it into the wiki to allow Elysium to maintain a consolidated record of its progress.  As part of its audit of existing work, Elysium independently verified which of the identified URLs still displayed content concerning the Protected Parties.  This expansive project included verifying all of the URL addresses and confirming whether accused content still existed on them.  Landry completed this task on February 26, 2015.

On February 26, 2015, Rucinski received additional files and correspondence from Lawrence as part of the transition of her role to Elysium.  Rucinski used these materials to record the dates of Lawrence's correspondence to the web domains, which is a useful data point when requesting the removal of content from websites.  Rucinski also reviewed the exhibits to the Lawrence Declaration to ensure all relevant information was recorded in Elysium's wiki and to check for any potential errors or omissions.

On February 26, 2015, Landry sent another round of correspondence to the following web domains:

- allthehobbies.com;
- bikingtomars.com;
- complaintwire.org;
- einnews.com;
- indianconsumercomplaints.in;
- prnation.org;
- rethinkingtaxes.com;
- complaints.com;
- dailymotion.com;
- ripoffreport.com; and
- youngtrendsetters.com

In her correspondence, Landry used the same medium of communication that Lawrence had used previously with each web domain (i.e., email or web-form submission), but employed the modified communication template Rucinski had edited on February 24, 2015, *supra*. Later on February 26, 2015, Landry received an email from dailymotion.com, stating that the content had been removed from the following URLs:

- http://www.dailymotion.com/debt3; and
- http://www.dailymotion.com/michaeldouglas2.

Rucinski subsequently verified independently that this content indeed had been removed.

Finally on February 26, 2015, Rucinski, Landry, Lawrence, and the undersigned counsel and another attorney from Goulston & Storrs PC conducted a telephone conference to discuss the current status of the project and next steps to ensure that Lawrence's maternity leave would not disrupt the progress of the compliance efforts with respect to the Injunction Order.

On February 27, 2015, Rucinski and Landry received a communication from einnew.com suggesting that the one URL at issue on this domain had been removed. Rucinski attempted to verify this removal, but discovered that the URL was still active.

Rucinski and Landry received a communication from ripoffreport.com on February 27, 2015 indicating that this domain they would only remove content in response to a court order explicitly identifying the URLs to be removed, namely:

- http://www.ripoffreport.com/r/Ina-Scher-Davis-Gilbert-/internet/Ina-Scher-Davis-Gilbert-Ina-Scher-Davis-Gilbert-Davis-Gilbert-LLP-Ina-Scher-of-1189043;
- http://www.ripoffreport.com/r/John-C-Howe/WESTPORT-Connecticut/John-C-Howe-John-Howe-Old-Hill-Partners-Inc-Patriot-Group-LLC-Warning-John-C-1185330;
- http://www.ripoffreport.com/r/John-C-Howe-Old-Hill-Partners-Inc/Darien-Connecticut-06820-/John-C-Howe-Old-Hill-Partners-Inc-John-C-Howe-Old-Hill-Partners-Inc-Patriot-Gro-1185552;

8

- http://www.ripoffreport.com/r/John-C-Howe-Patriot-Group-Old-Hill-Partners-/Darien-Connecticut-06820-/John-C-Howe-Patriot-Group-Old-Hill-Partners-John-C-Howe-Patriot-Group-and-Old-Hil-1185795;

- http://www.ripoffreport.com/r/old-hill-partners-/darien-connecticut-06820-/old-hill-partners-old-hill-partners-hedge-fund-old-hillpartners-john-c-howe-old-hil-1202616; and

- http://www.ripoffreport.com/r/old-hill-partners-john-howe/darien-connecticut-06820/old-hill-partners-john-howe-john-c-howe-old-hill-partners-inc-patriot-group-llc-o-1185777.

On February 27, 2015, Rucinski performed more in-depth research to discover potential contact information for the web domains that Lawrence previously was unsuccessful in contacting. For several web domains, Rucinski was able to locate information either on the domain's website or by using the UNIX "whois" command to retrieve contact information for the domain owner. In particular, Rucinski was able to discover additional contact information for the following web domains:

- betterthenlastyearsreturn.com;
- complaintsbureau.com;
- ethicsgeek.com;
- filefinds.net;
- firmnews360.com;
- ping.it;
- tinyknowledge.com;
- uberfake.com;
- upandcomingmogul.com; and
- complaints.com.

On February 27, 2015, Rucinski conferred with Eaddy and confirmed that all appropriate tasks for this project either had been performed or were already planned as part of the project. Rucinski then conducted a telephone conference with the undersigned counsel to provide a status

update on the project. On February 27 and 28, 2015, Rucinski worked on summarizing Elysium's efforts on this project and providing the undersigned counsel with same.

On March 2, 2015, Landry sent additional correspondence consisting of the modified template to new contact points Rucinski had located for the ten web domains listed above on page nine, except for complaints.com, which she had already contacted on February 26, 2015. This correspondence requested that the foregoing domains remove the specific URLs at issue in this proceeding that were associated with their respective domains. Landry also followed up with a response email to einnews.com, asking them to remove the URL that it had previously stated had been removed. Later on March 2, 2015, Landry received an email from ethicsgeek.com, stating that the content had been removed from the following URL:

- http://ethicsgeek.com/news/john-howe-and-old-hill-partners-accused-of-harrassment-intimidation-and-retaliation-against/

Finally, on March 2, 2015, Landry contacted the web domains icomplaints.in and freepressindex.com with modified templates via the same media that Lawrence had previously used to contact them.

## II.     REQUEST FOR URL-SPECIFIC ORDER[3]

Fustolo respectfully requests entry of an order specifying the removal of certain URLs. Specifically, Fustolo seeks an order requiring the removal of the following URLs:

- http://old-hill-partners.pissedconsumer.com/john-c-howe-and-old-hill-partners-block-truthful-web-content-about-their-alleged-irs-and-sec-frauds-20141112556850.html

- http://old-hill-partners.pissedconsumer.com/members-of-john-c-howe-s-patriot-group-and-old-hill-partners-may-be-complicit-in-mr-howe-s-alleged-tax-and-securities-frauds-20141102553226.html

---

[3] This request is made only for purposes of complying with the Injunction Order. This request is made subject to and without waiving or prejudicing any of Fustolo's appellate and other rights referenced above in Section I.A.

- http://old-hill-partners.pissedconsumer.com/sarah-howe-and-daughter-jacqueline-howe-received-stolen-funds-from-tax-cheat-john-c-howe-20141212568878.html
- http://old-hill-partners.pissedconsumer.com/westport-sarah-y-howe-should-be-concerned-about-her-lifestyle-some-ask-whether-bankruptcy-is-imminent-20141216570569.html
- http://old-hill-partners.pissedconsumer.com/whistleblowers-International-attacked-by-alleged-tax-cheat-john-c-howe-and-old-hill-partners-20141125561908.html
- http://other-company.pissedconsumer.com/lawyer-ina-scher-davis-gilbert-hired-russian-computer-hackers-to-illegally-infiltrate-wbi-files-20141130563681.html
- http://sarah-y-howe.pissedconsumer.com/westport-s-sarah-y-howe-received-fraudulent-funds-from-husband-john-c-howe-20141204565340.html
- http://www.ripoffreport.com/r/Ina-Scher-Davis-Gilbert-/internet/Ina-Scher-Davis-Gilbert-Ina-Scher-Davis-Gilbert-Davis-Gilbert-LLP-Ina-Scher-of-1189043
- http://www.ripoffreport.com/r/John-C-Howe/WESTPORT-Connecticut/John-C-Howe-John-Howe-Old-Hill-Partners-Inc-Patriot-Group-LLC-Warning-John-C-1185330
- http://www.ripoffreport.com/r/John-C-Howe-Old-Hill-Partners-Inc/Darien-Connecticut-06820-/John-C-Howe-Old-Hill-Partners-Inc-John-C-Howe-Old-Hill-Partners-Inc-Patriot-Gro-1185552
- http://www.ripoffreport.com/r/John-C-Howe-Patriot-Group-Old-Hill-Partners-/Darien-Connecticut-06820-/John-C-Howe-Patriot-Group-Old-Hill-Partners-John-C-Howe-Patriot-Group-and-Old-Hil-1185795
- http://www.ripoffreport.com/r/old-hill-partners-/darien-connecticut-06820-/old-hill-partners-old-hill-partners-hedge-fund-old-hillpartners-john-c-howe-old-hil-1202616
- http://www.ripoffreport.com/r/old-hill-partners-john-howe/darien-connecticut-06820/old-hill-partners-john-howe-john-c-howe-old-hill-partners-inc-patriot-group-llc-o-1185777

Fustolo seeks this order as a result of the specific requests made by the domain hosts for these URLs. As explained above, these domain hosts have stated in response to Fustolo's requests to remove certain content that they will not do so unless there is a court order referencing the specific URLs at issue. Accordingly, this Court should enter the proposed Order attached as **Exhibit B**.

**III.     CONCLUSION**

As provided in the February 20 order, Fustolo will submit his next status update on March 16, 2015. Furthermore, this Court should enter the proposed order attached as **Exhibit B**.

        Respectfully submitted,

        STEVEN C. FUSTOLO
        By his attorneys,

        /s/ Matthew P. Horvitz
        Douglas Rosner (BBO#: 559963)
        Matthew P. Horvitz (BBO#: 664136)
        GOULSTON & STORRS PC
        400 Atlantic Ave.,
        Boston, MA 02110
        tel. (617) 482-1776
        fax (617) 574-4112
        drosner@goulstonstorrs.com
Dated: March 2, 2015        mhorvitz@goulstonstorrs.com

**CERTIFICATE OF SERVICE**

       I, Matthew P. Horvitz, hereby certify that on March 2, 2015, I caused to be served a copy of *Defendant Steven C. Fustolo's Third Status Report and Request for URL-Specific Order* via the Court's CM/ECF system on all parties who are registered to receive electronic notices of filing in this proceeding and upon the following individuals by electronic mail:

David Nickless
Nickless, Philips & O'Conner
625 Main Street
Fitchburg, MA 01429
dnickless.nandp@verizon.com

Gary R. Greenberg
John F. Farraher, Jr.
Zachary C. Kleinsasser
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
greenbergg@gtlaw.com
farraherj@gtlaw.com
kleinsasserz@gtlaw.com


Michael J. Fencer
Jonathan Horne
Bruce Smith
Jager Smith, PC
One Financial Center
Boston, MA 02111
mfencer@jagersmith.com
jhorne@jagersmith.com
bsmith@jagersmith.com

Harold B. Murphy
Murphy & King, P.C.
One Beacon Street
Boston, MA 02108
mxc@hanify.com

Paula R. C. Bachtell
U.S. Department of Justice
Office of the U.S. Trustee
5 Post Office Square
10th Floor, Suite 1000
Boston, MA 02109
paula.bachtell@usdoj.gov

                                              /s/ Matthew P. Horvitz